1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JAMIE MORROW,                              No.  2:23-cv-2167 WBS AC

12              Plaintiff,

13         v.                                    FINDINGS AND RECOMMENDATIONS

14    STAY WINNING BOUTIQUE LLC,

15              Defendant.

16

17         This matter is before the court on plaintiff's motion for default judgment.  ECF No. 17.

18    The motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19).  The motion was

19    taken under submission on the papers.  ECF No. 19.  For the reasons set forth below, the

20    undersigned recommends plaintiff's motion be GRANTED, and that judgment be entered in favor

21    of plaintiff although in a reduced amount.

22                          **I.      Relevant Background**

23         Plaintiff filed this complaint alleging copyright infringement on December 2, 2023.  ECF

24    No. 1.  The complaint asserts jurisdiction pursuant to 28 U.S.C. §1331.  ECF No. 1 at 2.

25    According to the complaint, plaintiff is a professional photographer who is the legal and rightful

26    owner of certain photographs which plaintiff commercially licenses.  ECF No. 1 at 2.  Plaintiff

27    obtained active and valid copyright registrations from the United States Copyright Office (the

28    "USCO") which cover many of plaintiff's photographs, while many others are the subject of

                                               1

1  pending copyright applications.  Id.  At issue is a landscape photograph ("the Photograph"),

2  attached to the complaint as Exhibit 1, which was registered by the USCO with registration No.

3  VAu 1-252-971.  Id. at 3.

4      Plaintiff alleges defendant is a clothing company and the owner of a monetized online

5  social media account ("Account") that advertises merchandise to the public.  Id.  On or about

6  April 28, 2020, defendant displayed the Photograph on the Account as part of an online story at

7  https://www.facebook.com/StayWinningBoutique/videos/164861504857633.  A

8  copy of a screengrab of the Account including the Photograph is attached to the complaint as

9  Exhibit 2.  Id.  Plaintiff alleges that, without permission or authorization, defendant

10  volitionally copied and/or displayed the copyright protected Photograph on the Account.  Id.

11  Plaintiff first observed and actually discovered the Infringement on July 6, 2023.  Id.

12      The complaint brings one count of Direct Copyright Infringement under 17 U.S.C. §501 *et*

13  *seq.*  Id. at 6-7.  Plaintiff served the summons and complaint on October 18, 2023.  ECF No. 4 at

14  3.  The clerk entered default against defendant on May 29, 2024.  ECF No. 11.  Plaintiff moved

15  for default judgment on January 7, 2025.  ECF No 17.  Defendant did not respond and has not

16  appeared or taken any action in this case.

**II.    Motion**

18      Plaintiff moves for default judgment on the sole count of copyright infringement in the

19  complaint, seeking statutory damages in the amount of $14,275 pursuant to the Copyright Act,

20  An award of costs ($402 in filing fees and $92 in service fees); and an award of attorneys' fees in

21  the amount of $6,885. ECF No. 17-4.

**III.    Analysis**

23  A. Legal Standard

24      Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party

25  against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend

26  against the action.  See Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not

27  automatically entitle the plaintiff to a court-ordered judgment."  PepsiCo, Inc. v. Cal. Sec. Cans,

28  238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th

2

1  Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments).  Instead, the

2  decision to grant or deny an application for default judgment lies within the district court's sound

3  discretion.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this

4  determination, the court may consider the following factors:

5
6
7
8

> the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

9  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily

10  disfavored.  Id. at 1472.

11      Once default is entered, well-pleaded factual allegations in the operative complaint are

12  taken as true, except for those allegations relating to damages.  TeleVideo Sys., Inc. v.

13  Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin.

14  Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair Housing of Marin v.

15  Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Although well-pleaded allegations in the complaint

16  are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings,

17  and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co.

18  of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388

19  (9th Cir. 1978)); accord DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A]

20  defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law")

21  (citation and quotation marks omitted); Abney v. Alameida, 334 F.Supp.2d 1221, 1235 (S.D. Cal.

22  2004) ("[A] default judgment may not be entered on a legally insufficient claim.").  A party's

23  default conclusively establishes that party's liability, although it does not establish the amount of

24  damages.  Geddes, 559 F.2d at 560; cf. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th

25  Cir. 1990) (stating in the context of a default entered pursuant to Federal Rule of Civil Procedure

26  37 that the default conclusively established the liability of the defaulting party).

27  ////

28

1          B.  The Eitel Factors

2                  1.  Factor One: Possibility of Prejudice to Plaintiff

3          The first Eitel factor considers whether the plaintiff would suffer prejudice if default

4   judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a

5   default judgment.  See PepsiCo, Inc., 238 F.Supp.2d at 1177.  Here, plaintiff would suffer

6   prejudice if the court did not enter a default judgment because it would be without recourse for

7   recovery.  Accordingly, the first Eitel factor favors the entry of default judgment.

8                  2.  Factors Two and Three: Merits of Claims and Sufficiency of Complaint

9          The merits of plaintiff's substantive claims and the sufficiency of the complaint are

10  considered here together because of the relatedness of the two inquiries.  The court must consider

11  whether the allegations in the complaint are sufficient to state a claim that supports the relief

12  sought.  See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F.Supp.2d at 1175.  Here, the merits

13  of the claims and sufficiency of the complaint favor entry of default judgment.

14         Plaintiff brings a single cause of action for copyright infringement.  ECF No. 1.  To state a

15  copyright infringement claim, a plaintiff must plausibly allege two things: (1) that he or she owns

16  a valid copyright in the work at issue, and (2) that the defendant copied protected aspects of the

17  plaintiff's expression.  Tangle, Inc. v. Aritzia, Inc., 125 F.4th 991, 995 (9th Cir. 2025).  "A

18  copyright registration is prima facie evidence of the validity of the copyright and the facts stated

19  in the certificate."  United Fabrics Int'l, Inc. v. C&J Wear, Inc., 630 F.3d 1255, 1257 (9th Cir.

20  2011) (internal citations omitted).  "Under the Copyright Act, the owner of a copyright has the

21  exclusive right to display its work."  Bell v. Wilmott Storage Servs., LLC, 12 F.4th 1065, 1072

22  (9th Cir. 2021) (quoting Perfect 10, Inc. v. Giganews, Inc., 847 F.3d 657, 668 (9th Cir. 2017)).

23  Following entry of default, the court takes the complaint's well-pleaded allegations regarding

24  liability as true.  Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).

25         Here, plaintiff holds a copyright registration for the Photograph and provided the

26  registration number and certificate with the complaint.  ECF No. 1-4.  The court therefore finds

27  the first element satisfied.  Plaintiff alleges defendant used an exact replica of the Photograph on

28  its website.  ECF No. 1-1 and 1-2.  The court therefore finds the second element satisfied.

4

1    Accordingly, the court finds that the merits of the case favor entry of default judgment.

2             3.   Factor Four: The Sum of Money at Stake in the Action

3        Under the fourth Eitel factor, the court considers the amount of money at stake in relation

4    to the seriousness of defendant's conduct.  The Copyright Act provides that a copyright infringer

5    is liable for either the copyright holder's actual damages and any additional profits of the

6    infringer, or for statutory damages for all infringements involved in the action, with respect to any

7    one work, in a sum of not less than $750 or more than $30,000.  17 U.S.C. § 504(a), (c)(1).

8    Where willfulness is found, statutory damages award may be increased to as much as $150,000.

9    17 U.S.C. § 504(c)(1)(2).  "Willful copyright infringement, for purposes of the award of statutory

10   damages, requires the defendant's knowledge that his conduct constitutes copyright

11   infringement."  Jackson v. Sturkie, 255 F. Supp.2d 1096, 1101 (N.D. Cal. 2003).  In this case,

12   plaintiff seeks statutory damages in the amount of $14,275 ($2,855.00 for what would have been

13   the licensing fee, multiplied by a factor of five by reason of defendant's willful infringement of

14   the Photograph).  ECF No. 17-3 at 16.  Especially in light of the court's determination below that

15   statutory damages in this case should be awarded in the reduced amount of $1,500, this factor

16   favors entry of default judgment.

17             4.   Factor Five: Possibility of Dispute Concerning Material Facts

18       The facts of this case are relatively straightforward, and plaintiff has provided the court

19   with well-pleaded allegations supporting its claims.  The court may assume the truth of well-

20   pleaded facts in the complaint (except as to damages) following the clerk's entry of default and,

21   thus, there is no likelihood that any genuine issue of material fact exists.  See, e.g., Elektra Entm't

22   Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-

23   pleaded complaint are taken as true after the court clerk enters default judgment, there is no

24   likelihood that any genuine issue of material fact exists."); accord Philip Morris USA, Inc., 219

25   F.R.D. at 500; PepsiCo, Inc., 238 F.Supp.2d at 1177.  This factor favors entry of default

26   judgment.

27   ////

28   ////

1          5.   Factor Six: Whether Default Was Due to Excusable Neglect

2          Upon review of the record before the court, there is no indication that the default was the

3    result of excusable neglect.  See PepsiCo, Inc., 238 F.Supp.2d at 1177.  Plaintiff served the

4    defendant with the summons and complaint.  ECF No. 4.  Moreover, plaintiff served defendant by

5    mail with notice of its application for default judgment.  ECF No. 17 at 3.  Despite sufficient

6    notice of this lawsuit and plaintiff's intention to seek a default judgment, defendant failed to

7    defend in this action.  Thus, the record supports a conclusion that the defendant has chosen not to

8    defend this action, and not that the default resulted from any excusable neglect.  Accordingly, this

9    Eitel factor favors the entry of a default judgment.

10          6.   Factor Seven: Policy Favoring Decisions on the Merits

11          "Cases should be decided upon their merits whenever reasonably possible."  Eitel, 782

12   F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing

13   alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.

14   PepsiCo, Inc., 238 F.Supp.2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694

15   F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010).  Accordingly, although the court is cognizant of

16   the policy favoring decisions on the merits – and consistent with existing policy would prefer that

17   this case be resolved on the merits – that policy does not, by itself, preclude the entry of default

18   judgment.

19          7.   Conclusion: Propriety of Default Judgment

20          Upon consideration of all the Eitel factors, the court concludes that plaintiff is entitled to

21   the entry of default judgment against defendant.  What remains is the determination of the terms

22   of judgment.

23      C.  Terms of Judgment

24          Having found default judgment appropriate, all that remains is the determination of the

25   terms of judgment.

26          A.  Statutory Damages

27          As noted above, plaintiff seeks statutory damages in the total amount of $14,275:

28   $2,855.00 for what would have been the licensing fee, multiplied by a factor of five by reason of

6

1    defendant's willful infringement of the Photograph.  ECF No. 17-3 at 16.  For the reasons that

2    follow, the undersigned concludes that damages should be awarded in a reduced amount.

3           Statutory damages exist to "provide adequate compensation to the copyright holder and to

4    deter infringement."  Desire, LLC v. Manna Textiles, Inc., 986 F.3d 1253, 1271 (9th Cir. 2021)

5    (quoting Frank Music Corp. v. Metro-Goldwyn-Mayer Inc., 886 F.2d 1545, 1554 (9th Cir.

6    1989)).  They are intended as a "substitute for profits or actual damages" and "should not provide

7    copyright owners a windfall."  Id.  "The Ninth Circuit has not adopted uniform criteria for

8    determining the appropriate amount of statutory damages for willful copyright infringement."

9    Curtis v. Illumination Arts, Inc., 33 F. Supp. 3d 1200, 1217 (W.D. Wash. 2014).  To guide the

10   statutory damages analysis, district courts turn to four factors used by other circuits and by district

11   courts within this circuit.  Id. (collecting cases).  "The four factors are: (1) the infringers' profits

12   and the expenses they saved because of the infringement; (2) the plaintiff's lost revenues; (3) the

13   strong public interest in ensuring the integrity of copyright laws; and (4) whether the infringer

14   acted willfully."  Id.

15          The first two factors go to the value of the Photograph: what defendant would have had to

16   pay to license it plus any profits gained by use, and what plaintiff lost by not receiving that

17   licensing fee.  Plaintiff may "seek an award of minimum statutory damages without disclosing

18   any damages calculations but, to avoid a potential windfall, it must provide some evidence of its

19   lost profits or [defendant's] profits if it seeks an award greater than the statutory minimum."

20   Atari Interactive, Inc. v. Redbubble, Inc., 546 F. Supp. 3d 883, 888–89 (N.D. Cal. 2021), aff'd in

21   part, appeal dismissed in part, No. 21-17062, 2023 WL 4704891 (9th Cir. July 24, 2023).

22   Plaintiff has not provided any evidence or allegations that defendant profited from the use of the

23   Photograph beyond the money saved by avoiding licensing fees.  In an attempt to demonstrate the

24   licensing value of the Photograph, plaintiff provided "a Getty estimate for a *similar* photograph of

25   the Purace volcano that would be licensed for $2,855 for the same manner of usage as defendant

26   used my Photograph."  ECF No. 17-2 at 3 (emphasis added).  Getty Images is a stock photograph

27   agency (www.gettyimages.com).

28   ////

1    The court is unpersuaded by plaintiff's attempt at licensing valuation.  The Getty estimate

2    is not reliable evidence of the licensing value of the Photograph at issue in this lawsuit.  The

3    Getty image (ECF No. 17-2 at 6) is an entirely different photograph, presumably taken by a

4    different photographer, bearing little visual similarity to plaintiff's Photograph.  Even taking as

5    true plaintiff's allegation that both are photographs of the Purace volcano in Columbia (see ECF

6    No. 17-2 at 2, 3), the photographs are distinct in composition, color palette, and overall effect.

7    Where the Getty photograph centrally positions the mountain peaks so as to draw the viewer's

8    eye and visually dominate the image, plaintiff's Photograph is dominated by the green hills in the

9    foreground.  Compare ECF No. 17-2 at 6 (Getty estimate) with ECF No. 1-1 (the Photograph).

10    The mountain range in the background, which presumably includes the volcano, is visually

11    dominated by the green hills below and blue sky above, which fill most of the Photograph.

12    Though plaintiff does not cite any authority for his "similar image" valuation method, the

13    undersigned has identified cases in which district courts used an image offered for license though

14    Getty to determine the value of an unlicensed photograph in a copyright case.  See Morrow v.

15    Travelade, Inc., No. 23-cv-04593-NC, 2024 WL 1511904, at *3 (N.D. Cal. Mar. 1, 2024), report

16    and recommendation adopted, No. 23-cv-04593-BLF, 2024 WL 1946674 (N.D. Cal. Mar. 18,

17    2024); McDermott v. NYFireStore.com, Inc., No. 18-cv-10853 AJN SLC, 2021 WL 952455, at

18    *3 (S.D.N.Y. Jan. 15, 2021), report and recommendation adopted, No. 18-CV-10853 (AJN), 2021

19    WL 950507 (S.D.N.Y. Mar. 12, 2021).  While this may be an appropriate method in some cases,

20    the court declines to apply it here because the proffered Getty image is not sufficiently similar to

21    the subject Photograph to support a finding of similar licensing value.

22    Plaintiff makes no showing that the Photograph in this case has ever itself been valued for

23    licensing.  Because plaintiff has not proved the licensing value of his Photograph, the minimum

24    amount of statutory damages ($750.00) will be assigned.

25    The third and fourth factors governing assessment of statutory damages go to the public

26    interest in deterring copyright infringement and the egregiousness of the defendant's conduct, and

27    a finding of willfulness may support a damages multiplier.  Plaintiff argues that willfulness can be

28    demonstrated by the act of default.  ECF No. 17-3 at 16.  While it is true that "[a]llegations of

8

1    willful infringement are deemed to be true on default," default alone does not justify a multiplier

2    of five.  Reiffer v. Shearwater Pac. Cap. Mgmt. LLC, No. 18-cv-06053-JSW (RMI), 2020 WL

3    7048307, at *8 (N.D. Cal. May 13, 2020) (awarding a multiplier of two on default judgment

4    where the defendant defaulted, but also discontinued use of the work when informed of

5    infringement).  For default alone, a multiplier of two, "representing a 2 times the licensing fee

6    (one fee for what Defendant would have paid but for his wrongful conduct and another for the

7    alleged willfulness of his conduct), is more appropriate."  Id.  Here, the only inference of

8    willfulness comes from the default itself; there is no allegation that defendant failed to

9    discontinue the use of the Photograph once notified of the infringement.

10        For the reasons set forth above, the undersigned concludes that statutory damages are

11    appropriate in a total amount of $1,500.

12        B.  Attorneys' Fees

13        Plaintiff requests attorneys' fees and costs as prevailing party.  The Copyright Act allows

14    for the award of costs to a prevailing party. 17 U.S.C. § 505.  Plaintiff's demand for costs consists

15    of a demand for $494.00, paid as the filing fee in this action, as well as the sum of $92.00,

16    representing the fee for the service of the summons and complaint, for a total of $494.00.  The

17    undersigned finds these costs reasonable and substantiated by the record, and recommends they

18    be awarded in full.

19        The Copyright Act also permits the award of reasonable attorney's fee to the prevailing

20    party.  17 U.S.C. § 505.  To assess fees, courts utilize a lodestar analysis comprised of the number

21    of hours reasonably spent multiplied by a reasonable hourly rate.  Grove v. Wells Fargo Fin. Cal.,

22    Inc., 606 F.3d 577, 582 (9th Cir. 2010).  If the documentation outlining the work is inadequate,

23    the court may reduce the award accordingly.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

24    Here, plaintiff requests 2.2 hours at the rate of $750 for a senior attorney (30+ years of

25    experience), 9.6 hours at the rate of $500 for a junior attorney (8 years of experience), and 2.9

26    hours at the rate of $150 for paralegal work, for a total request of $6,885.00 in fees.  ECF No. 17-

27    3 at 24.  Plaintiff submitted adequate billing records to justify the hours expended.  ECF No. 17-1

28    at 16-19.

1    As to the rate, the court must be guided by the prevailing market rate in the relevant

2    community; courts refer to the prevailing rate in the community for similar work performed by

3    attorneys of comparable skill, experience, and reputation.  Ingram v. Oroudjian, 647 F.3d 925,

4    928 (9th Cir. 2011).  While affidavits may provide evidence of the prevailing market rate, they

5    are not conclusive.  Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 980 (9th Cir. 2008).  Courts

6    must also rely on their own familiarity with the market.  Ingram, 647 F.3d at 928.  Courts base

7    their awarded rates on the standards of the legal community in which the court sits, Barjon v.

8    Dalton, 132 F.3d 496, 500 (9th Cir. 1997), which in this case means the Sacramento division of

9    the Eastern District of California.

10    Plaintiff's counsel, who is based in New York, supports the requested rates by citing to

11    cases decided in the Central District of California.  ECF No. 17-3 at 22-23.  The court finds the

12    requested rates excessive for the Sacramento, California market.  Recent cases in this district for

13    suits involving specialized areas of law have awarded less.  See, e.g., Love v. Tri-Counties Bank,

14    No. 2:22-cv-01761 TLN CKD PS, 2025 WL 444320, at *6 (E.D. Cal. Feb. 10, 2025) (awarding

15    $690 per hour for an attorney with over 40 years of experience, $480 for an attorney with over 30

16    years of experience, $380 for an attorney with over 10 years of experience in a case involving the

17    Real Estate Settlement Procedures Act, and collecting cases); Unit 53, Inc. v. Run Roadlines, Inc.,

18    No. 2:24-cv-01718 DJC CSK, 2025 WL 373637, at *2 (E.D. Cal. Feb. 3, 2025) (awarding $635 a

19    partner with more than sixteen years of experience; $620 for an attorney of almost fifteen (15)

20    years of experience; $370 for an associate with over three (3) years of experience; and $310 for

21    an associate with over two (2) years of experience).

22    Based on a review of recent local rates, the court concludes that plaintiff is entitled to a

23    local rate of $690 for the senior attorney (30+ years of experience) (2.2 hours = $1,518.00), $370

24    for a junior attorney (8+ years of experience) (9.6 hours = $3,552.00), and $150 for paralegal

25    work (2.9 hours = $435.00), for a total award of in $5,505.000 in fees.

26    **IV.    Conclusion**

27    It is RECOMMENDED THAT:

28    1.  Plaintiff's motion for default judgment (ECF No. 17) be GRANTED;

10

2.  Plaintiff be awarded $1,500.00 in statutory damages, $494.00 in costs, and $5,505.00 in attorneys' fees, for a total award of $7,499.00.

3.  This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: February 27, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

11